IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES B.,[1]

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 3:19-cv-01011-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

    Plaintiff James B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI). The Commissioner concedes that this case should be remanded but asserts that further proceedings are necessary. Full consent to Magistrate jurisdiction was entered on November 12, 2019. (#10). For the reasons below, the Commissioner's decision is REVERSED and REMANDED for immediate calculation of benefits.

**DISCUSSION**

    Plaintiff commenced this action to challenge the Commissioner's denial of his claims for disability benefits. In his opening brief, Plaintiff made four assignments of error: (1) The ALJ erroneously rejected the opinion of Plaintiff's treating psychotherapist, Josephine Chung, LCSW, that Plaintiff's symptoms of PTSD and depression leave him unable to live independently, would

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

Page 1 of 3 – OPINION and ORDER

lead him to be off task in a work setting a minimum of thirty percent of a workday, and would cause Plaintiff to be unable to complete a workday a minimum of five days per month; (2) the ALJ erred by failing to discuss and consider the opinion of an examining psychologist, Daniel Scharf, that Plaintiff's mental disorders cause occupational and social impairment, and home-health evaluations by state disability services that Plaintiff requires in-home assistance to care for his daily needs; (3) the residual functional capacity ("RFC") is flawed because the ALJ neither accepted and included in Plaintiff's RFC limitations assessed by the Commissioner's consultants nor explained why the limitations were rejected, and (4) the ALJ erred by omitting from Plaintiff's RFC his need for his service dog. Pl. Br. (#12).

In the Response Brief (#15), the Commissioner did not contest any of the assignments of error but asserted that further administrative proceedings are required before benefits can be awarded. Specifically, the Commissioner claims an ALJ must evaluate Plaintiff's allegations that he requires a service / emotional support dog. The Commissioner also, "as a matter of record," "disagrees with the credit as true rule." Def Br. 3 (#15).

Credit-as-true analysis is well settled, longstanding and binding on the district courts. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Smolen v Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under the credit-as-true rule, a reviewing court should remand for a finding of disability and award of benefits if: (1) The ALJ has failed to provide legally sufficient reasons for rejecting medical opinions or a claimant's testimony; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) the ALJ would be required to find the claimant disabled if the improperly rejected evidence were credited. *Smolen*, 80 F.3d at 1292.

The Commissioner concedes all of Plaintiff's assigned errors; thus, the first prong of the test is met. The Commissioner offers no challenge to Plaintiff's argument that the third prong of the test is met, effectively conceding that prong as well. *See* Pl. Br. at 35; *League of United Latin American Citizens v. Wheeler*, 899 F.3d 814, 827 (9th Cir. 2018).

The Court has reviewed the record in this case and determined that the second prong is met as well. The Commissioner's arguments that further proceedings are necessary are unsupportable. Whether or not Plaintiff needs a service dog is not a dispositive issue in this case. The overwhelming evidence of Plaintiff's disability is easily determined by crediting the medical opinions contained in the first two assignments of error, neither of which are disputed by the Commissioner.

The Commissioner's only remaining argument for remand rather than an award of benefits is that "the record leaves 'serious doubt' that Plaintiff is disabled." The Court is not persuaded by the evidence presented in support of this argument, none of which challenges any of the mental health findings, personal observations, or ultimate opinions of Ms. Chung regarding Plaintiff's limitations. Once her opinion is credited as true, along with the other medical evidence, the record leaves no doubt as to Plaintiff's disability; further proceedings are unnecessary.

## ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for immediate calculation of benefits.

It is so ORDERED and DATED this <u>5</u> day of March, 2021.



MARK D. CLARKE
United States Magistrate Judge